JESSIE MARGARET BUDLONG *vs.* DISTRICT COURT OF THE
SIXTH JUDICIAL DISTRICT.

SAME *v.* SAME.

MARCH 29, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Certiorari. Evidence. Record.*

On *certiorari* where the decision of the lower court contains a recital of testimony which if true, warranted its finding; in the absence of anything to the contrary appearing on the record, the court must presume that competent evidence justifying such finding was received by the lower court.

*(2) Certiorari. Questions of Fact.*

*Certiorari* does not lie to review findings of fact when any competent evidence supporting the finding is introduced.

*(3) Writs of Error. Questions of Law and Fact.*

A writ of error to a District Court like a writ of *certiorari* lies to correct only errors of law and not errors of fact. The statute having prescribed a different procedure for reviewing questions of fact, such procedure is in the first instance, exclusive.

ASSUMPSIT. Heard on writs of *certiorari*, and petitions for writs of error. Writs of *certiorari* quashed and petitions for writs of error denied.

RATHBUN, J. This proceeding involves petitions in two civil cases for a writ of error and also a writ of *certiorari* to be directed to the District Court of the Sixth Judicial District. Two writs of *certiorari*, applying respectively to each of said cases, have been issued and said district court has certified to us for inspection the record and proceedings in said district court in the case of *J. Parker Colbert* v. *Jessie Margaret Budlong*, and in the case of *William J. Flynn Detective Agency, Inc.*, against the same defendant.

By said record it appears that each of said plaintiffs commenced in said district court an action of the case on book account against this petitioner, said Budlong; that the only service—if any—made in either case was by attachment of money in the hands and possession of a law firm, Hinckley, Allen, Tillinghast and Phillips; that a copy of the

writ in each case was mailed to the defendant at the address where she was residing without this state.   Personal service not having been obtained each case was continued, as provided in Section 1, Chap. 338, Gen. Laws, 1923, for answer.

Said firm made a return in each case by affidavit to said court stating that at the time of the service of the writ upon them there was in their hands and possession $750 due said defendant; that $294.53 of said amount was due the defendant as support from her husband, ordered by a decree of the Superior Court in divorce proceedings, and that the balance of said $750 was due her on an agreement whereby the husband agreed to give said balance to her.

In each case counsel for Mrs. Budlong entered a special appearance—for the purpose of objecting to the jurisdiction of the court—and moved that the action be dismissed for the reasons:   (1) That it appeared that no personal service was made on the defendant.   (2) That, as she contends, it appears that there was in the hands and possession of the garnishee at the time of the service of the writ no attachable estate belonging to the defendant and that consequently no service by attachment was obtained.   In arguing that the money was not attachable in a suit against her the petitioner makes the following contentions:   (1) That if the money was sent to said law firm to be paid to her for her support in compliance with an order of court, the money was not, when the writ was served, subject to attachment in a suit against her.   (2) That if it was the intention of her husband to give the money to her, the gift was not completed and consequently the money was not due the wife.

It appears that said law firm, the garnishee, was counsel for Mr. Budlong, the husband of the petitioner, in said divorce proceedings;   that Mrs. Budlong's petition for divorce was denied and dismissed and that the custody of the minor children of the parties was at the same time awarded to the husband, Mr. Budlong.   It further appears that Mr. Budlong had been ordered by decree of said Superior Court to pay to his wife, the petitioner, for her

support, $750 on a certain day in each month during the pendency of the divorce petition. When said petition was denied, a full month after the last payment for support had not elapsed, and there was a discussion between counsel for the parties whether the wife was entitled by reason of said decree to receive from her husband a proportionate part of $750. At the same time counsel for the wife promised that she would surrender the children without waiting to take appellate proceedings. The $750 in question was sent by the husband, in accordance with his understanding of an agreement between counsel, to his attorney, the garnishee, to be paid to his wife. Before payment was made the money was attached in the above named suits in which she is defendant.

It appears from the decision of the justice of said district court that he found on conflicting evidence; "that by an agreement and understanding between her counsel Mr. Budlong and Mr. Phillips, the sum of $750 was to be paid over to her absolutely in consideration of the return of the children to Mr. Budlong and upon such return the sum of $750 became due her." Said justice having found that, at the time of the service of the writ on the garnishee, there was in their possession money which was due the defendant Mrs. Budlong, denied, in each case, her motion to dismiss the suit.

Thereafter in each case said justice defaulted the defendant, entered a judgment *in rem* for the plaintiff for the amount found due and charged the garnishee to the extent of the judgment and costs.

The action of said court in denying the motions to dismiss was based on a finding of fact. The petitions do not allege that no competent evidence to support said finding was before the court. No verbatim record of the testimony was taken by said justice and consequently no such record is before us, but the decision of said justice contains a recital of testimony, which, if true, warrants said finding and, in the absence of anything to the contrary appearing on the

record, we must presume that competent evidence justifying said finding was received by said justice. *Paterie* v. *Davignon*, 38 R. I. 585.

*Certiorari* does not lie to review findings of fact when any competent evidence supporting the finding is introduced. *Keenan* v. *Goodwin*, 17 R. I. 649; *Lowrey* v. *Mayor of Central Falls*, 23 R. I. 354.

Under the practice in this state a writ of error to a district court, like a writ of *certiorari*, lies to correct only errors of law and not errors of fact. *Trottier* v. *Foley*, 42 R. I. 389; *Paterie* v. *Davignon*, *supra*. The statute has prescribed a different procedure for reviewing questions of fact, and such procedure is, in the first instance, exclusive. See *MacKenzie & Shea* v. *R. I. Hospital Trust Co.*, 45 R. I. 407.

No question of law has been brought before us for review.

The writs of *certiorari* are quashed and the petitions for writs of error are denied. The record and papers in the case of *J. Parker Colbert* v. *Jessie Margaret Budlong* and in the case of *William J. Flynn Detective Agency, Inc.* v. *Jessie Margaret Budlong* certified to us for inspection by the District Court of the Sixth Judicial District, are sent back to said court.

*Malcolm D. Champlin*, for petitioner.
*Rosenfeld & Hagan*, for respondent.